IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL DEAN LOCKARD | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-21-1013 |
| STAR COACHES, INC. | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant, Star Coaches, Inc. ("Defendant"), moves this Court for summary judgment (the "Motion") (ECF No. 17) on Plaintiff Michael Dean Lockard's ("Plaintiff") Complaint (ECF No. 3). After considering the Motion and responses thereto (ECF Nos. 20, 21), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are genuine issues of material fact as to the claim asserted. Accordingly, the Court will DENY Defendant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about May 13, 2018, Defendant driver drove a tour bus and attached trailer to the parking lot of Fish Head Cantina at 4802 Benson Avenue, Halethorpe, Maryland. ECF No. 20-1 at 3–4. Plaintiff met the driver in the parking lot and told the driver that Plaintiff would help him park in the designated spot, requiring the driver back on to a concrete runway. *Id.* at 3–4. The end of the concrete runway was surrounded by a wooden privacy fence. *Id.* at 4. Plaintiff used a two-way radio to communicate with the driver as he parked. *Id.* Plaintiff instructed the driver on how to position the bus in the spot. *Id.* As the driver began backing the trailer on to the concrete runway,

1

Plaintiff walked across the runway to ensure it was aligned in the space. *Id.* at 4–5. Plaintiff told the driver to stop via the two-way radio, and the driver did. *Id.* at 5. Video surveillance captured the incident. *See* ECF No. 17-5. However, it is unclear from the video which happened first: Plaintiff began walking across the concrete runway and behind the trailer, and the bus began reversing again. ECF No. 20-1 at 5; ECF No. 17-2 at 4–5. The bus started to reverse again at 11:36:36. ECF No. 17-5. Once he realized the bus was reversing, Plaintiff remained behind the trailer and told the driver to stop via the two-way radio. ECF No. 20-1 at 5. *See* ECF No. 17-5. The trailer backed into Plaintiff and trapped him between the trailer and the fence at around 11:36:44. ECF No. 17-5. The bus then moved forward, and Plaintiff walked out from behind the trailer. *Id.*

Plaintiff was injured as a result of being struck by the trailer. ECF No. 20-1 at 5. Plaintiff filed a complaint against Defendant in the Circuit Court of Baltimore City. ECF No. 1-4. On April 26, 2021, Defendant removed the action to this Court. ECF No. 1.[1] On September 28, 2021, Defendant filed a Motion for Summary Judgment. ECF No. 17. Plaintiff responded in opposition on October 11, 2021. ECF No. 20. Defendant then replied. ECF No. 21.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48

---

[1] On September 24, 2021, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. ECF No. 10.

(1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Defendant's Motion for Summary Judgment

In its Motion, Defendant argues first that there is no evidence that it was negligent. ECF No. 17-2 at 7. Moreover, Defendant contends that Plaintiff was contributorily negligent and assumed the risk as a matter of law. *Id.* at 9, 13.

1. Negligence

A claim for negligence requires Plaintiff prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[2] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020). "Drivers have a duty to exercise reasonable care for the sake of pedestrians and other motorists." *Germain v. Norris*, 536 F.Supp.2d 585, 588–89 (D.Md. 2008) (citing *Ghirardello v. Malina*, 238 Md. 498, 507 (1965)). *See also* Md. Code Ann., Transp. § 21-504(a) ("[T]he driver of a vehicle shall exercise due care to avoid colliding with any pedestrian."). While an accident and any resulting harm do not prove negligence on their own, *see Ristaino v. Flannery*, 317 Md. 452, 459 (1989), whether there is sufficient evidence to conclude that Defendant breached a duty is generally a question of fact for the fact finder. *Wright v. Mohler*, No. GJH-17-3012, 2019 WL 3817271, at *2 (D.Md. Aug. 14, 2019) (citations omitted). *See Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999) ("Generally, whether there is adequate proof of the required elements needed to succeed in a negligence action is a question of fact to be determined by the fact finder.").

Here, Defendant asserts that there is no evidence that it breached a duty owed to Plaintiff. However, the evidence presented to the Court is not so clear. Defendant did not explicitly argue that it had no duty to Plaintiff, but cites to case law emphasizing duty. Maryland law is clear: drivers have a duty to exercise reasonable care and avoid collisions with pedestrians. *See* Md. Code Ann., Transp. § 21-504(a). The driver knew that Plaintiff was behind the bus while he was parking. Defendant had a duty then to exercise reasonable care to avoid collision with Plaintiff.

---

[2] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court is located. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the Court will apply Maryland law to analyze this Motion with respect to Plaintiff's negligence claim.

4

Moreover, there is conflicting evidence from which a reasonable jury could conclude that Defendant breached its duty. Plaintiff alleges that the Defendant driver knew Plaintiff was behind the bus, had previously been told to stop, started reversing without being instructed to do so, and then failed to stop after Plaintiff said stop. ECF No. 20-1 at 5; ECF No. 17-5. A reasonably jury could rely on such facts to conclude that Defendant failed to exercise reasonable care in operating the bus. Given there is a dispute of material facts, Defendant has not demonstrated it is entitled to judgment as a matter of law that it did not breach its duty owed to Plaintiff.

2. Contributory Negligence and Assumption of the Risk

Defendant next argues that it is entitled to judgment as a matter of law because Plaintiff was contributorily negligent and assumed the risk thus barring his recovery. ECF No. 17-2 at 9–15. Plaintiff's conduct could simultaneously give rise to both affirmative defenses. *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 112 (2011). If proven, both Plaintiff's contributory negligence and assumption of the risk operate as a complete bar on recovery. *Berkenfeld v. Lenet*, 921 F.3d 148, 153, 158 (4th Cir. 2019). Contributory negligence exists where Plaintiff "contributes to cause a particular accident" while assumption of the risk requires Plaintiff's "intentional and voluntary exposure to a known danger, and therefore, consent . . . to take his chances from harm from a particular risk." *Marrick Homes LLC v. Rutkowski*, 232 Md.App. 689, 715–16 (2017) (citations omitted). The question of whether Plaintiff was contributorily negligent or assumed the risk is ordinarily a question for the factfinder. *See Poole*, 423 Md. at 115; *Konig v. Ames*, No. CV ELH-20-3038, 2021 WL 1561518, at *5 (D.Md. Apr. 21, 2021) (quoting *Diffendal v. Kash and Karry Serv. Corp.*, 74 Md.App. 170, 175 (1988)) (citations omitted) ("Whether a plaintiff exercised the degree of care expected of a reasonably prudent person under the circumstance [is usually] a question of fact for the jury and not of law for the court.").

Plaintiff cannot recover if "the proximate and immediate cause of the damage can be traced to" his failure to exercise ordinary care. *Coleman v. Soccer Ass'n of Columbia*, 432 Md. 679, 687 (2013) (citation omitted). Such action is "something that a person of ordinary prudence would not do," or is "the failure to do something that a person of ordinary prudence would do, under the circumstances." *Baltimore Gas & Elec. Co. v. Flippo,* 348 Md. 680, 703 (1998). For judgment as a matter of law on the ground of contributory negligence, "the evidence must show some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion" in reasonable minds. *Baltimore & O.R. Co. v. Plews*, 262 Md. 442, 454 (1971). Summary judgment is not appropriate where there is conflicting evidence of material facts or more than one reasonable inference. *See Berkenfeld*, 921 F.3d at 154 (quoting *Baltimore Gas*, 348 Md. at 703).

To prove that Plaintiff assumed the risk, Defendant must show that "the *particular* plaintiff" had "*actual* knowledge of the risk" before assuming it. *Poole*, 423 Md. at 114, 121 (emphasis in original). A grant of summary judgment based on an assumption of the risk defense is proper "where it is clear that any person of normal intelligence in [the plaintiff's] position must have understood the danger." *Id.* at 109 (citations omitted). "[A]s with contributory negligence, the 'question of whether a plaintiff knew and understood the risk in a case is generally one for the trier of fact.'" *Berkenfeld*, 921 F.3d at 158 (quoting *Crews v. Hollebach*, 358 Md. 627, 653 (2000)). Where Plaintiff's and Defendant's respective characterizations of the evidence conflict with respect to contributory negligence or assumption of the risk, it is for the factfinder to resolve. *See Kahlenberg v. Goldstein*, 290 Md. 477, 497 (1981).

Here, Defendant has not met its burden to show that Plaintiff was contributorily negligent or assumed the risk as a matter of law. While the surveillance video may show the event at issue,

6

Plaintiff and Defendant assert conflicting accounts of the incident. Defendant details the experience as one of Plaintiff being behind the bus in an unexpected fashion, whereas Plaintiff describes an intentional effort to help Defendant's driver park the bus and thus his reasonable presence behind the bus. *See* ECF No. 17-1 at 5; ECF No. 20-1 at 5. The video shows that Plaintiff was helping the Defendant driver reverse into the parking spot. ECF No. 17-5. It shows Plaintiff communicating with the driver through the two-way radio and the bus stopping accordingly while parking. *Id.* It shows Plaintiff going behind the bus to ensure it was properly aligned in the parking spot. *Id.* However, the evidence does not conclusively show the driver's rationale for reversing again after Plaintiff said stop, Plaintiff's rationale for going behind the bus after it had started moving again, if the driver heard Plaintiff's "stop, stop" warning, or if Plaintiff failed to exercise reasonable care by not jumping out of the way of the bus before he was trapped. *See* ECF No. 17-1 at 5; ECF No. 20-1 at 5. These are not proper questions for the summary judgment stage. *See Berkenfeld*, 921 F.3d at 153 (citation omitted) (detailing that such questions are for the jury in order to mitigate "harsh justice" with respect to contributory negligence).

At the time of the incident, Plaintiff was helping the driver park and had been communicating with the driver when to stop and when to start. Plaintiff's actions are not the type of "prominent and decisive act which directly contributed to the accident and which were of such a character as to leave no room for difference of opinion thereon by reasonable minds." *See Plews*, 262 Md. at 454. Nor is it clear from the facts that "any person of normal intelligence" in Plaintiff's position would have understood the danger such that Plaintiff assumed the risk as a matter of law. *See Poole*, 423 Md. at 114. Plaintiff had the means to communicate with the driver, he had done so previously, and he thought the communication would occur here. Whether Plaintiff's actions constitutes assumption of the risk or contributory negligence is for a factfinder to decide. Because

7

Plaintiff and Defendant present competing characterizations of the evidence, there is a genuine dispute of material fact and summary judgment is not warranted. *See Kahlenberg*, 290 Md. at 497.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are genuine issues of material fact as to whether Defendant breached its duty of care owed to Plaintiff and is thus liable for Plaintiff's injuries. Therefore, Defendant's Motion (ECF No. 17) is DENIED. A separate order will follow.

Date: 9 November 2021

A. David Copperthite
United States Magistrate Judge